United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Milton Mondragon, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4029 |
| | § | |
| Gabriel Martinez,[1] *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Milton Mondragon is a native and citizen of Nicaragua who concedes that he unlawfully entered the United States in 2007. Docs. 1 ¶¶ 2 & 4, 7 at 2, 7-1. Petitioner was convicted of Driving While Intoxicated in 2020 and charged with a similar offense three years later. Doc. 7-6 ¶ 7. After his 2023 DWI charge, Petitioner was released from the Harris County (Texas) Jail into the custody of the Department of Homeland Security. *Id.* ¶¶ 8–9. On February 24, 2023, DHS released Petitioner on supervised release and with a Notice to Appear at a future removal hearing. Docs. 7-1, 7-6 ¶ 12. After he was released, Petitioner applied for asylum and a withholding of removal. Doc. 7-6 ¶ 13.

---

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Mr. Bradford ceased holding office while this action remained pending, so Gabriel Martinez is automatically substituted as a Respondent in this action in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

On March 29, 2025, Petitioner was again arrested in Harris County,[2] and he was subsequently released into DHS custody pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A). Docs. 1 ¶¶ 1, 9; 7-6 ¶¶ 4, 15–16. When he filed this Petition, he was in DHS custody in this District.[3] Docs. 1 ¶ 1, 7-6 ¶¶ 15–16. In September, Petitioner was ordered removed from the country, and his appeal of that order and his asylum application remain pending with the Board of Immigration Appeals. Doc. 1 ¶ 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) the Immigration and Nationality Act and (ii) procedural due process. *Id.* ¶¶ 25–27.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8.[4] Respondents maintain that

---

[2] Petitioner claims that he was arrested in March 2025 because of an expired safety inspection sticker, whereas Respondents point to him not having a driver's license and a child support violation. Doc. 7-6 ¶ 4. Regardless of the underlying basis for the arrest, the Court's constitutional analysis remains unchanged. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

[3] In the Petition, Petitioner claims he is detained at the Montgomery Processing Center in Conroe, Texas, Doc. 1 ¶ 1. Respondents, in contrast, provide summary judgment evidence that Petitioner was transferred to the Joe Corley Detention Center in Conroe, Texas, before he filed the Petition. Doc. 7-6 ¶¶ 15–16. Because both facilities are located in the Southern District of Texas, jurisdiction is proper under either factual account. *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001).

[4] In his Reply, Petitioner relies on the Fifth Circuit's panel opinion in *Sosnava Rodriguez v. Ortega*, but the Circuit has since ordered the cause reheard *en banc* and vacated that opinion pursuant to Fifth Circuit Rule 41.3. *See* On Petition for Rehearing En Banc, No. 26-50183, (5th Cir. July 10, 2026), Doc 174-1. As such, the Court is not bound by the panel opinion's holding or rationale.

Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process.[5] *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

---

[5] In his Reply, Petitioner asserts that Respondents are bound by the Central District of California's holding in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873, 2026 WL 639921 (C.D. Cal. Feb. 25, 2026). Doc. 8 ¶ 5. The Petition did not assert this as a ground for relief. *See* Doc. 1 ¶¶ 25–27. Petitioner may not assert a new cause of action in a reply brief; if Petitioner wishes to assert new arguments for his petition, he must do so in the petition itself. *See Roeder v. Am. Postal Workers Union, AFL-CIO*, 180 F.3d 733, 737 n.4 (5th Cir. 1999). In any event, the Court has held that it is neither bound by, nor inclined to follow, the Central District of California's opinion in *Maldonado Bautista v. Noem*. *See Leon-Fernandez v. Frink*, No. 4:26-cv-2130 (S.D. Tex. July 15, 2026).

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 19th of August, 2026.

Nicholas J. Ganjei
United States District Judge